BRETT E. LEWIS (admitted *pro hac vice*)
Email: Brett@iLawco.com
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

Dylan Ruga (SBN 235969)
Ji-In Lee Houck (SBN 280088)
STALWART LAW GROUP
1100 Glendon Ave., 17th Floor
Los Angeles, CA 90024
Telephone:   (310) 954-2000
Email:  dylan@stalwartlaw.com
Email:  jiin@stalwartlaw.com

Attorneys for Plaintiff
LOUIE LARDAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE LARDAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RAVINDRA KUMAR LAHOTI, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:  8:17−cv−00690−JLS−JDE<br><br>*Assigned to the Hon. Josephine L. Staton, Courtroom 10A*<br><br>**DECLARATION OF BRETT LEWIS IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL *PRO HAC VICE* FOR PLAINTIFF**<br><br>Date: August 4, 2017<br>Time: 2:30 p.m.<br>Courtroom: 10A, 10th Floor<br><br>Complaint: April 14, 2017<br>Trial Date: None Set |

## **DECLARATION OF BRETT E. LEWIS**

1. I am an attorney at law licensed to practice in the State of New York and admitted *pro hac vice* before this Court. I am a partner at Lewis & Lin LLC ("Lewis & Lin"), attorneys for plaintiff Louie Lardas ("Plaintiff" or "Mr. Lardas"). I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2. I offer this declaration in support of Lewis & Lin LLC's Motion for Leave to Withdraw as Counsel *Pro Hac Vice* ("Motion").

3. The Court granted the undersigned's application to appear *pro hac vice* on April 25, 2017. (Dkt. 12.)

4. The bases of this Motion are irreconcilable differences stemming from both (i) Plaintiff's failure to adequately communicate with Lewis & Lin concerning this action and other matters, thereby hindering Lewis & Lin's ability to competently represent Plaintiff and (ii) Plaintiff's failure to pay Lewis & Lin's fees in connection with same.

5. In or around November 2016, Plaintiff retained Lewis & Lin to represent him in connection with this matter. Plaintiff agreed to timely pay Lewis & Lin's fees (charged on an hourly basis) and certain expenses.

6. Since that time, Lewis & Lin has expended significant time and effort providing legal services to Plaintiff, and it has billed Plaintiff for those services.

7. Despite receiving the benefit of those services, Plaintiff has not fulfilled his payment obligations to Lewis & Lin, and it continues to incur legal fees and expenses.

8. Over the past few months (including specifically on May 30, 2017, June 23, 2017, June 27, 2017 and June 29, 2017), Lewis & Lin has attempted to have a number of discussions with Plaintiff, via email and telephone, informing

him that Lewis & Lin would seek to withdraw from representing Plaintiff if Plaintiff did not meet his payment obligations and respond to my communications.

9. In order to minimize any possible prejudice to Plaintiff, Lewis & Lin continued to represent him in this action. In addition and in connection with same, Lewis & Lin performed additional diligence in accordance with its continuing obligations of advocacy. As a result, Lewis & Lin inquired with Plaintiff in detail as to several strategic and tactical issues bearing on the prosecution of this case.

10. Lewis & Lin informed Plaintiff that Lewis & Lin would file a motion to withdraw if Plaintiff failed to affirmatively respond to our firm's queries by June 29, 2017.

11. As of the date of this declaration, Plaintiff has not affirmatively responded to those queries.

12. Absent such communication, irreconcilable differences exist between Lewis & Lin and Plaintiff. Lewis & Lin has undertaken a thorough analysis of issues with continuing representation in light of Plaintiff's failure to respond to recent queries from our firm, and has concluded that a conflict exists.

13. Thus, in furtherance of Lewis & Lin's ethical duties to this Court, it can no longer continue to represent Plaintiff.

14. For the reasons set forth above, Lewis & Lin, which is a small firm that has performed considerable work for Plaintiff without him meeting his communication and financial obligations, would be severely prejudiced in the absence of leave to withdraw.

15. I understand that Mr. Lardas' local counsel Stalwart Law Group has moved to withdraw as counsel for similar reasons.

16. However, I believe that if the Court grants Stalwart Law Group and Lewis & Lin's motions, Mr. Lardas would not be prejudiced in this litigation. The Complaint was only just filed on April 14, 2017. (Dkt. 1.) Defendant has been

served, but has not responded to the Complaint yet.  Mr. Lardas can proceed *pro se* or has sufficient time to hire new counsel if he wishes.

17. Pursuant to Local Rule 83-2.3.2, I gave written notice to Mr. Lardas of this Motion on numerous dates, including May 30, 2017, June 23, 2017, June 27, 2017 and June 29, 2017.  No other parties have appeared in this action.

I declare under penalty of perjury under the State of California and the United States of America that the foregoing is true and correct.

Executed on June 29, 2017 at Brooklyn, New York.

                /s/ Brett E. Lewis
                BRETT E. LEWIS