1  JACOB C. GONZALES (SBN 235555)
   jgonzales@weintraub.com
2  DARRELL P. WHITE (SBN 270038)
   dwhite@weintraub.com
3  weintraub | tobin
   23 Corporate Plaza Drive, #200
4  Newport Beach, California 92660-7901
   Tel: (949) 760-0204; Fax: (949) 760-2507
5

6  Attorneys for Defendant
   RAVINDRA KUMAR LAHOTI
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| LOUIE LARDAS, | Case No. 8:17-cv-00690-JLS-JDE |
| Plaintiff, | Judge: Hon. Josephine L. Staton |
| v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| RAVINDRA KUMAR LAHOTI, et al., | |
| Defendants. | Date: September 8, 2017 |
| | Time: 2:00 p.m. |
| | Dept.: 10A |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{2275749.DOCX;3}

1   TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2       Please take notice that on September 8, 2017, at 2:30 p.m. in Department

3   10A of the above-entitled court, located at 411 West Fourth Street, Santa Ana, CA

4   92701, Defendant RAVINDRA KUMAR LAHOTI ("Defendant") will and hereby

5   does move the Court for an order dismissing all of Plaintiff LOUIE LARDAS'

6   ("Plaintiff") claims against Defendant for failure to state a claim upon which relief

7   may be granted under Federal Rules of Civil Procedure section 12(b)(6).

8       This motion is based on this notice of motion, the memorandum of points and

9   authorities in support thereof, the concurrently filed declaration of Jacob C.

10   Gonzales ("Gonzales Dec."), the pleadings and records on file with this Court, and

11   such evidence and argument as may be presented at the hearing on this motion.

12       Defense counsel made several efforts to conduct the conference of parties

13   pursuant to L.R. 7-3, including sending three emails and a letter via overnight

14   delivery to Plaintiff's email and home addresses provided in the Court's Order of

15   July 28, 2017 (Dkt. 17). Those correspondence notified Plaintiff of the bases for

16   this motion to dismiss. However, Plaintiff did not respond to Defense counsel's

17   requests to meet and confer. (Gonzales Dec., Exhibits A-B.) Thus, Defendant files

18   this motion without having conducted the L.R. 7-3 conference of the parties,

19   through no fault of his own, and respectfully asks the Court to exercise its

20   discretion to consider this motion on its merits. *Reed v. Sandstone Props., L.P.*,

21   2013 U.S. Dist. LEXIS 51437, *13-17 (C.D. Cal. Apr. 2, 2013) (although no L.R.

22   7-3 conference occurred, court elected to consider the motion on its merits).

23

24   Dated: August 11, 2017             weintraub | tobin

25                   By:_____

26                        Jacob C. Gonzales
                     Attorneys for Defendant

27                        RAVINDRA KUMAR LAHOTI

28

weintraub **tobin** chediak coleman grodin
law corporation

{2275749.DOCX;3}

Page -1-

# <u>Table of Contents</u>

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 5 |
| II. | FACTUAL BACKGROUND | | 6 |
| III. | LEGAL STANDARD | | 8 |
| IV. | ARGUMENT | | 9 |
| | A. | Plaintiff Has Not Adequately Pled a Claim for Conversion | 9 |
| | B. | Plaintiff Has Not Adequately Pled a Claim for Breach of Fiduciary Duty | 11 |
| | C. | Plaintiff Has Not Adequately Pled a Claim for Declaratory Relief | 12 |
| | D. | Plaintiff Has Not Adequately Pled a Claim for Bailment | 13 |
| V. | CONCLUSION | | 15 |

weintraub **tobin** chediak coleman grodin
law corporation

{2275749.DOCX;3}

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## Table of Authorities

**Page**

### FEDERAL CASES

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)...................................................9, 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .............................9, 15

*Earhart v. Callan*, 221 F.2d 160 (9th Cir. 1955).........................................14

*Evans v. United States*, 2017 U.S. App. LEXIS 4341 (Fed. Cir. Mar. 13, 2017)................................................................................................14

*First Interstate Bank of Arizona, N.A., v. Murphy, Weir and Butler*, 210 F.3d 983 (9th Cir. 2000)....................................................................11

*Ileto v. Glock Inc.*, 349 F.3d 1191 (9th Cir. 2003) ........................................9

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942 (S.D. Cal. 2012) ........................................................15

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ...........................................9

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)...................13

*Reed v. Sandstone Props., L.P.*, 2013 U.S. Dist. LEXIS 51437 (C.D. Cal. Apr. 2, 2013).................................................................................1

*Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401 (9th Cir. 1996).........................12

*Swingless Golf Club Corp. v. Taylor*, 679 F.Supp.2d 1060 (N.D. Cal. 2009)...............................................................................................10, 11

*United States v. Alcaraz-Garcia*, 79 F.3d. 769 (9th Cir. 1996)) ......................15

*Western Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981) .....................9, 13

*Whitcombe v. Stevedoring Servs. of Am.*, 2 F.3d 312 (9th Cir. 1993)................13

### FEDERAL RULES

Federal Rule of Civil Procedure 8(a)(2) ...................................................9

### FEDERAL SECONDARY AUTHORITIES

O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2017) §§ 9:212.1 ...............................7

### STATE CASES

*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197 (Cal. 1983) .........................................................................11

*Devereaux v. Harper*, 210 Cal.App.2d 519 (Ct. App. 1962) ...........................14

*Farrington v. A. Teichert & Son, Inc.*, 59 Cal.App.2d 468 (Ct. App. 1943)..............................................................................................10

*Fremont Indemnity Co. v. Fremont General Corp.*, 148 Cal.App.4th 97 (Ct. App. 2007)....................................................................................9

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*weintraub tobin chediak coleman grodin*
law corporation

*Greene v. Brooks*, 235 Cal.App.161 (Ct. App. 1965) ............................................ 12

*In re Marriage of Geraci*, 144 Cal.App.4th 1278 (Ct. App. 2006)...................... 12

*Mason v. Woodland Sav. & Loan Ass'n*, 254 Cal.App.2d 41 (Ct. App. 1967) ................................................................................................................... 14

*Moore v. Regents of the Univ. of Cal.*, 51 Cal.3d 120 (Cal. 1990) ..................... 10

*Mosier v. S. Cal. Physicians Ins. Exch.*, 63 Cal. App.4th 1022  (Ct. App. 1998)) ........................................................................................................... 11

*Network Solutions, Inc. v. Umbro International, Inc.*, 529 S.E.2d 86 (Va. 2000) ............................................................................................................. 10

*Palacio Del Mar Homeowners Assn., Inc. v. McMahon*, 174 Cal.App.4th 1386 (Ct. App. 2009) .......................................................................... 10

*Rosenberg v. Broy*, 190 Cal.App.2d 591, 597 (Ct. App. 1961) ........................... 12

*Thomson v. Canyon*, 198 Cal.App.4th 594 (Ct. App. 2011) ................................ 12

*Wolf v. Super. Ct.*, 107 Cal.App.4th 25 (Ct. App. 2003)...................................... 11

### STATE STATUTES

Cal. Corp. Code §16404 ............................................................................... 11, 13

weintraub **tobin** chediak coleman grodin
law corporation

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In October 2012, on the eve of going to prison, Plaintiff asked Defendant to pay the renewal fees for 2000 plus registered domain names, promising to payback Defendant "every penny." Defendant began paying the renewal fees. He also informed Plaintiff he was transferring the domain names to his accounts to keep track of those he renewed and maintain the security of his credit card information. Defendant ultimately paid tens of thousands of dollars – renewing the domain names for years. Plaintiff made repeated promises to pay Defendant, which were not fulfilled. Plaintiff eventually told Defendant that Defendant had a 50% interest in the domain names, and promised to split the profits from the sale of each domain 50/50 with Defendant. Unfortunately, Plaintiff also failed to honor that promise.

Despite years of friendship and Defendant generously paying tens of thousands of dollars to renew the domain names, Plaintiff initiated this action for conversion, breach of fiduciary duty, declaratory judgment and bailment. Each of Plaintiff's claims is defective, and the motion to dismiss should be granted. *First*, Plaintiff's conversion claim fails because he consented to Defendant transferring the domain names, and Plaintiff did not have a right to possess the domain names at the time of the alleged conversion. *Second*, Plaintiff's breach of fiduciary duty claim is defective because he fails to establish a fiduciary relationship with Defendant. *Third*, Plaintiff's declaratory judgment claims fails because the relief he seeks (a declaration that he is the rightful registrant of the domain names) is inconsistent with his express allegations that he and Defendant were business partners, and he asked Defendant to renew the domain names. *Fourth*, Plaintiff's bailment claim is defective because he does not allege an express or implied-in-fact contract with Defendant, nor does he allege that Defendant had a right to possess the domain names – both necessary allegations to state a bailment claim.

## II.    FACTUAL BACKGROUND

The relevant facts, as alleged by Plaintiff and viewed in the light most favorable to him, are as follows:

Plaintiff and Defendant were friends. (Complaint ¶¶ 11-12.) They met in 2005, and both made their living in domain names. (*Id*. ¶¶ 9-10.)

On October 19, 2012, faced with the possibility that he was going to be arrested and sent to jail, Plaintiff sent Defendant an email asking him to "take care of business," and "[i]f you would please renew my domains, I will pay you back every penny":

> From: Louie Lardas <louie@internetdomains.com>
> Date: October 19, 2012 at 4:21:24 AM PDT
> To: ravi <ravi@serious.net>
> Subject: I'm worried and paranoid right now!
>
> Dude..I have to admit, I am a little worried. Tried to call you earlier but no answer.
>
> I have court tomorrow, my lawyer is coming to the island to be there. We are just scheduled for a progress report but...
>
> I had been reinstated in to my class, and then I missed the the first class this past Monday. It could be possible that I get arrested tomorrow. God I hope that doesn't happen but....
>
> So I am going to ask a favor of you.If for some reason you do not hear from me.... I will call you before noon if all is clear. I hope I can count on you if something does happen.
>
> So I am going to ask a favor of you.If for some reason you do not hear from me.... I will call you before noon if all is clear. I hope I can count on you if something does happen.
>
> call Jen at 310-510-0088, ask her to go take care of princess. The key for my condo is in a keybox. The code is 7248.
>
> Also, help me take care of business. My emails are gmails.. you have to put in the whole email address
>
> louie@internetdomains.com pw: aaabbb I am currently dealing with Jerk.com, it's in the sent box contact@internetdomains.com pw: thisone1 That is where the inquiries usually come to. enom login idomains pw: 146932RR the email on the account is the contact@internetdomains.com just in case the password is wrong. If you would please renew my domains, I will pay you back every penny
>
> AS I SAID ...GOD I HOPE I'M just being paranoid.. but better safe then sorry.
>
> --
> Louie Lardas
> Internet Domains Mgmt
> InternetDomains.com
> 800-969-6155

{2275749.DOCX;3}

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

weintraub tobin chediak coleman grodin
law corporation

1   (*Id.* ¶ 13.[1]) Plaintiff's October 19 email asked Defendant for a favor. It did not

2   obligate Defendant to pay the renewal fees for the domain names (and certainly not

3   indefinitely). Rather, the implication was that any renewal fees paid by Defendant

4   would be in the relative short-term, and Plaintiff promised to "pay [Defendant] back

5   every penny." Absent from the complaint is any assertion that Plaintiff repaid

6   Defendant the tens of thousands of dollars he spent renewing the domain names

7   from 2012 to 2017, or that Plaintiff intends to repay any such sums.

8          Plaintiff provided Defendant with the usernames and passwords for his

9   domain and related business accounts. Plaintiff contends that he was not aware that,

10  in around January 2013, Defendant began transferring domain names out of

11  Plaintiff's account and into Defendant's accounts. (*Id.* ¶¶ 14-16.) However, Plaintiff

12  acknowledges that by March 2014, he knew Defendant was transferring the domain

13  names. Defendant continued transferring the domain names through June 2014, and

14  transferred domain names again from December 2015 through early 2016. A list of

15  2,050 domain names transferred by Defendant is attached to the complaint as

16  Exhibit A. (*Id.* ¶¶ 17-19.)

17         Defendant informed Plaintiff that he was transferring the domain names into

18

19  [1] Paragraph 13 of the Complaint quotes a few excerpts from Plaintiff's October 19,
20  2012 email to Defendant: "On or about October 19, 2012, faced with a personal
    emergency, Plaintiff asked [Defendant], in writing, to help him to 'take care of [his]
21  business' including 'renew[ing his] domain names." (*Id.* ¶ 13.) Defendant hereby
    incorporates by reference Plaintiff's entire October 19, 2012 email. A "defendant
22  may attach to a Rule 12(b)(6) motion the documents referred to in the complaint *to
    show they do not support* plaintiff's complaint. The court *may* – but is not required
23  to – incorporate those documents by reference into the complaint for purposes of
    deciding the motion. … Documents not physically attached to the complaint may
24  nonetheless be considered by the court on a 12(b)(6) motion to dismiss if: the
    complaint *refers* to such document; the document is 'central' to plaintiff's claim;
25  and no party questions the authenticity of the copy attached to the 12(b)(6) motion."
    O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE
26  TRIAL (The Rutter Group 2017) §§ 9:212.1 , 9:212.1a (emphasis in original; cites
27  omitted).
28

his accounts to keep track of the ones he renewed. Defendant acknowledged Plaintiff's ownership of the domain names, and agreed to transfer them to a joint account so Plaintiff could sell and monetize them but this did not happen. (*Id*. ¶¶ 19-22.) In June 2016, Defendant suggested Plaintiff split the domain names with him to cover Defendant's loans to Plaintiff and expenses advanced, including the renewal fees, of approximately $90,000. (*Id*. ¶¶ 23-24.)

Plaintiff contends the domain names are worth tens of millions of dollars. (*Id*. ¶ 28.) Plaintiff further contends that after he asked Defendant to pay the renewal fees in October 2012, Defendant disabled the DNS for domain names, blocked Plaintiff from selling them, diverted revenue from the domains for his own use, and prevented Plaintiff from generating income. (*Id*. ¶¶ 29-30.) As such, Plaintiff could not pay for the domain name renewals himself. (*Id*. ¶ 31.)

Plaintiff contends that Defendant has not provided Plaintiff with an accounting of the monies Defendant is owed for advancing the renewal fees for the domain names. Plaintiff further contends Defendant has no security interest in the domain names, and no right to transfer them. Plaintiff also contends that Defendant did not pay the renewal fees on 250 domain names, which expired. (*Id*. ¶¶ 34-37.)

Finally, Plaintiff contends that, upon information and belief, Defendant victimized other parties same as Plaintiff, and his conduct in this case was oppressive, fraudulent and malicious. (*Id*. ¶ 38.) Plaintiff further contends that Defendant knew of Plaintiff's financial hardship, and allowed Plaintiff to go deeper into debt with Defendant with the intent that Plaintiff would lose all of his domains to Defendant or agree to give Defendant half of the domains. (*Id*. ¶ 39.)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to

{2275749.DOCX;3}
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

2  570 (2007) . A claim has "facial plausibility when the plaintiff pleads factual

3  content that allows the court to draw the reasonable inference that the defendant is

4  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009),

5  citing *Twombly*, 550 U.S. at 556.

6       The Court in *Twombly* explained that a complaint is read in conjunction with

7  Federal Rule of Civil Procedure 8(a)(2)  which requires a "showing" that the

8  plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief.

9  *Id*. at 556, n. 3. While Rule 8 does not require "detailed factual allegations," it

10  nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-

11  me accusation." *Iqbal, supra* , 129 S. Ct. at 1949.  A pleading that offers "labels

12  and conclusions" or "a formulaic recitation of the elements of a cause of action will

13  not do." *Twombly, supra* , 550 U.S. at 555.

14       In considering Defendants' motion to dismiss, the Court must accept all

15  factual allegations of the complaint as true and construe those facts, as well as the

16  inferences from those facts, in the light most favorable to Plaintiff. *See Knievel v.*

17  *ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) .  However, the Court need not accept

18  as true unreasonable inferences or conclusory legal allegations cast in the form of

19  factual allegations.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) , citing

20  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) .

21  **IV.   ARGUMENT**

22       **A.    Plaintiff Has Not Adequately Pled a Claim for Conversion**

23       In California, the elements of conversion are "(1) the plaintiff's ownership or

24  right to possession of personal property, (2) the defendant's disposition of the

25  property in a manner that is inconsistent with the plaintiff's property rights, and (3)

26  resulting damages." *Fremont Indemnity Co. v. Fremont General Corp.*, 148

27  Cal.App.4th 97, 119, 55 Cal.Rptr.3d 621 (Ct. App. 2007) .

28       Here, Plaintiff alleges Defendant "interfered with the Domain Names by

*weintraub tobin* chediak coleman grodin
law corporation

{2275749.DOCX;3}

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

taking possession of them and preventing Plaintiff from accessing them."
(Complaint ¶ 42.) Plaintiff's allegation, however, fails to state a conversion claim.

*First*, Plaintiff consented to Defendant transferring the domain names – thus, no conversion occurred. *Swingless Golf Club Corp. v. Taylor*, 679 F.Supp.2d 1060, 1068 (N.D. Cal. 2009) ("A plaintiff in a conversion action must also prove that it did not consent to the defendant's exercise of dominion."); *Farrington v. A. Teichert & Son, Inc.*, 59 Cal.App.2d 468, 474 (Ct. App. 1943) ("[T]he law is well settled that there can be no conversion where an owner either expressly or impliedly assents to or ratifies the taking, use or disposition of his property."). Plaintiff concedes that, as of March 2014, he knew Defendant was transferring the domain names. Yet, from March 2014 through 2017, while hundreds of domains were transferred, Plaintiff did not tell Defendant to stop transferring the domains nor take any action to stop him. For example, Plaintiff did not change his account's password in order to prevent Defendant from transferring the domain names. (Complaint ¶ 14.) Plaintiff's own allegations show that he acquiesced and consented to Defendant's transfer of the domain names.

*Second*, a domain name is a right to use the domain for a <u>limited</u> period of time. In other words, all domain names expire. *See Palacio Del Mar Homeowners Assn., Inc. v. McMahon*, 174 Cal.App.4th 1386, 1391 (Ct. App. 2009) (citing *Network Solutions, Inc. v. Umbro International, Inc.*, 529 S.E.2d 86 (Va. 2000)) . Thus, Plaintiff alleges a temporary right to expiring domain names, and admits he did not have the funds to renew them. He asked Defendant to advance the renewal fees, promising to pay him back "every penny." (Complaint ¶ 13.) Further, at the time Defendant transferred the domain names, he had already paid the renewal fees. (*Id.* ¶ 20.) Thus, Plaintiff did not have an interest in or a right to possess the domain names at the time of the alleged conversion sufficient to support a claim. *Moore v. Regents of the Univ. of Cal.*, 51 Cal.3d 120, 136 (Cal. 1990) ("'Where plaintiff

weintraub tobin chediak coleman grodin
law corporation

1    neither has title to the property alleged to have been converted, nor possession

2    thereof, he cannot maintain an action for conversion.' ") (quote omitted). His

3    conversion claim fails on this basis as well.

4         **B.    Plaintiff Has Not Adequately Pled a Claim for Breach of**

5         **Fiduciary Duty**

6         "A claim for breach of fiduciary duties in California requires a finding that:

7    (1) [defendant] owed a fiduciary duty to the party in question; (2) the duty was

8    breached; and (3) the breach caused the harm suffered." *Swingless Golf Club Corp.*,

9    679 F.Supp.2d at 1072   (citing *First Interstate Bank of Arizona, N.A., v. Murphy,*

10   *Weir and Butler*, 210 F.3d 983, 986 (9th Cir. 2000)) ; *see also Graham-Sult*, 756

11   F.3d 724, 736 (9th Cir. 2014) (citing *Mosier v. S. Cal. Physicians Ins. Exch.*, 63

12   Cal. App.4th 1022  (Ct. App. 1998)) .

13        A fiduciary duty "arises when confidence is reposed by one person in the

14   integrity of another" and the latter "voluntarily accepts or assumes to accept the

15   confidence…." *Wolf v. Super. Ct.*, 107 Cal.App.4th 25, 29 (Ct. App. 2003) .

16   "[B]efore a person can be charged with a fiduciary obligation, he must either

17   knowingly undertake to act on behalf and for the benefit of another, or must enter

18   into a relationship which imposes that undertaking as a matter of law." *Committee*

19   *on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 221 (Cal.

20   1983) .

21        Here, the complaint alleges in conclusory fashion that: "Plaintiff and

22   Defendant were friends and business partners", and, thus, "a fiduciary relationship

23   existed." (Complaint ¶¶ 48-49.) *First*, such nebulous allegations are insufficient to

24   establish the existence of a fiduciary relationship. That Plaintiff and Defendant

25   were friends cannot establish a fiduciary duty. And, although a California

26   partnership creates a fiduciary relationship (*see* Cal. Corp. Code §16404 ), the

27   complaint fails to adequately allege such a partnership.

28        "The ultimate test of the existence of a partnership is the intention of the

Page -11-

weintraub tobin chediak coleman grodin
law corporation

parties to carry on a definite business as co-owners. Such intention may be determined from the terms of the parties' agreement or from the surrounding circumstances." *Greene v. Brooks*, 235 Cal.App.161, 165-166 (Ct. App. 1965) . However, the undisclosed intent of one person is insufficient to create a legally recognizable partnership. *In re Marriage of Geraci*, 144 Cal.App.4th 1278, 1292 (Ct. App. 2006) .

Plaintiff fails to allege that the parties intended to form a partnership, the date a partnership was formed, the purpose of the partnership, or identify the assets owned by the partnership. As to the domain names, Plaintiff states that they are his property and "Defendant had and has no ownership or equity interest in [them]." (Complaint ¶¶ 26-27.) Yet, "[t]he existence of a partnership is ordinarily evidenced by the right… of the partners to participate in… the management and control of the business." *Rosenberg v. Broy*, 190 Cal.App.2d 591, 597 (Ct. App. 1961) . Thus, Plaintiff's claim that the domain names are his separate property, and he alone should be allowed to control them, belie his unsupported conclusion that he and Defendant were partners.

*Second*, Plaintiff's claim is also defective because it fails to apprise Defendant of when an alleged fiduciary duty was breached, and to what exact damage. *See Thomson v. Canyon*, 198 Cal.App.4th 594, 606 (Ct. App. 2011) (four-year limitations period breach of fiduciary duty).

## C.  Plaintiff Has Not Adequately Pled a Claim for Declaratory Relief

"A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases 'brought by any interested party' involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) . On a motion to dismiss, the issue is "whether the facts alleged, under all circumstances,

show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) ; *Western Mining Council v. Watt*, 643 F.2d 618, 623-24 (9th Cir. 1981) .

Here, Plaintiff "seeks a declaration and judgment that he is the rightful registrant and registered name holder of the Domain Names, and seeks an order of this Court transferring the Domain Names to Plaintiff." (Complaint ¶ 57.) Plaintiff, however, has not pled sufficient facts to raise a justiciable controversy.

Plaintiff's request for an order transferring the domain names to him is inconsistent with his claim that he and Defendant are "business partners" and the domain names the property of that partnership. (Complaint ¶ 48.) Under California law, a partner is not a co-owner of partnership property – the partnership owns the property. *See* Cal. Corp. Code §§ 16501, 16203. Thus, based upon his express allegation that he and Defendant are partners, Plaintiff is not entitled to a judgment that he is the rightful registrant and the domain names be transferred to him.

Likewise, Plaintiff's declaratory relief claim is undermined by the fact that Plaintiff asked Defendant to renew the domain names. (Complaint ¶ 13.) He did not tell Defendant not to renew and register them in his own name. To the contrary, Plaintiff knew Defendant was paying the renewal fees and transferring them to his accounts. (*Id*. ¶ 20.)

### D.   Plaintiff Has Not Adequately Pled a Claim for Bailment

*First*, Plaintiff was required to allege an express or implied-in-fact contract to state a claim for bailment – which he fails to do. *Whitcombe v. Stevedoring Servs. of Am.*, 2 F.3d 312  (9th Cir. 1993)  (stating "California law generally defines a bailment as the delivery of a thing in trust for a purpose upon an implied or express contract") (internal citation omitted); *Earhart v. Callan*, 221 F.2d 160, 163 (9th Cir.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

weintraub tobin chediak coleman grodin
law corporation

1  1955)  (defining a bailment as "the relationship arising when personal property is

2  delivered to another for some particular purpose upon an express or implied

3  contract to redeliver the goods when the purpose has been fulfilled or to otherwise

4  deal with the goods according to the bailor's directions"); *Evans v. United States*,

5  2017 U.S. App. LEXIS 4341, at \*3-4  (Fed. Cir. Mar. 13, 2017)  (upholding

6  dismissal of bailment claimant on Rule 12(b)(6) motion for failure to allege a

7  contract); *see also* Judicial Council of California Civil Jury Instructions, CACI No.

8  302 Contract Formation – Essential Factual Elements ("To prove that a contract

9  was created, [Plaintiff] must prove all of the following: 1. That the contract terms

10  were clear enough that the parties could understand what each was required to do;

11  2. That the parties agreed to give each other something of value [a promise to do

12  something or not to do something may have value]; and 3. That the parties agreed

13  to the terms of the contract.")

14       Plaintiff does not allege how and when an agreement was entered, whether it

15  was written or oral, express or implied, and the terms. Indeed, the only mention in

16  the complaint of an agreement is that Defendant agreed to "to maintain the Domain

17  Names in [Plaintiff]'s account for a period of an indefinite duration…." (Complaint

18  ¶ 62.) This is woefully deficient. *See Iqbal* , 556 U.S. at 679 (Conclusory

19  allegations or allegations that are no more than a statement of a legal conclusion

20  "are not entitled to the assumption of truth."; *id*. at 678 (In other words, a pleading

21  that merely offers "labels and conclusions," a "formulaic recitation of the

22  elements," or "naked assertions" will not be sufficient to state a claim upon which

23  relief can be granted.) (cites omitted); *Mason v. Woodland Sav. & Loan Ass'n*, 254

24  Cal.App.2d 41, 44 (Ct. App. 1967)  (demurrer properly sustained where there was

25  no allegation that parties settled on definite terms, essential for a binding contract);

26  *Devereaux v. Harper*, 210 Cal.App.2d 519, 528 (Ct. App. 1962)  (demurrer

27  properly sustained because terms of alleged agreement were "too indefinite").

28

{2275749.DOCX;3}

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant is left to guess what facts Plaintiff contends support a contract necessary for a bailment. *Twombly* , 550 U.S., at 555 (2007) (A complaint must give the defendant "fair notice of what the … claim is and the grounds upon which it rests.").

*Second*, Plaintiff alleges that Defendant had no right to take possession of the domain names. (*See, e.g.*, Complaint ¶ 41: "Defendant has intentionally and substantially interfered with the Domain Names by taking possession of them….") Yet, a bailment requires that Plaintiff intended that Defendant take possession of the domain names. The claim fails for this reason as well. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 974 (S.D. Cal. 2012) ("The Ninth Circuit, relying on California law, has defined bailment as 'the deposit of personal property with another, usually for a particular purpose.'") (citing *United States v. Alcaraz-Garcia*, 79 F.3d 769, 774 n. 11 (9th Cir. 1996)) .

## V.   CONCLUSION

Based on the foregoing, Defendant respectfully asks that the Court dismiss Plaintiff's complaint and each claim asserted therein pursuant to Rule 12(b)(6).

Dated: August 11, 2017

weintraub | tobin

By:_____

Jacob C. Gonzales
Attorneys for Defendant
RAVINDRA KUMAR LAHOTI

{2275749.DOCX;3}

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE

2

(CCP §§ 1013a(1), (3) and 1013(c) CRC Rule 2006(d)

3

STATE OF CALIFORNIA, COUNTY OF ORANGE

4

     I am over the age of eighteen years, and not a party to this action; and I am employed in the County of Orange, California, in which county the within mailing occurred.  My business address is 23 Corporate Plaza Drive, #200, Newport Beach, CA 92660.

5

6

     On *August 11, 2017,* I served a copy of the following documents:

7

     Document(s) Served: **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

8

9

Person(s) or Party Served: **See Attached Service List**

10

| | |
|---|---|
| Louie Lardas<br>1930 Village Center Circle #3-9268<br>Las Vegas, NV 89134<br>louie@internetdomains.com | **PLAINTIFF IN *PRO SE*** |

11

12

13

[XX] **(BY EXPRESS SERVICE CARRIER)**  I deposited in a box or other facility regularly maintained by OVERNITE EXPRESS/FEDERAL EXPRESS an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents a copy of the above-referenced document, together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the above-referenced parties.

14

15

16

17

18

[XX] **(BY ELECTRONICALLY)** filing the foregoing document with the Clerk of the United States District Court, Central District, using its ECF System, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

19

20

     I declare under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

21

22

     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

     Executed on *August 11, 2017* at Newport Beach, California.

24

               **/s/ Liz H. Graham**
               Liz H. Graham

25

26

27

28

weintraub tobin chediak coleman grodin
law corporation

PROOF OF SERVICE