JACOB C. GONZALES (SBN 235555)
jgonzales@weintraub.com
DARRELL P. WHITE (SBN 270038)
dwhite@weintraub.com
**weintraub** | **tobin**
23 Corporate Plaza Drive, #200
Newport Beach, California 92660-7901
Tel: (949) 760-0204; Fax: (949) 760-2507

Attorneys for Defendant
RAVINDRA KUMAR LAHOTI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE LARDAS,<br><br>          Plaintiff,<br><br>     v.<br><br>RAVINDRA KUMAR LAHOTI, et al.,<br><br>          Defendants. | Case No. 8:17-cv-00690-JLS-JDE<br><br>Judge: Hon. Josephine L. Staton<br><br>**DECLARATION OF JACOB C. GONZALES IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: September 8, 2017<br>Time: 2:00 p.m.<br>Dept.: 10A |

{2291892.DOCX;}

I, Jacob C. Gonzales, declare:

1. I am an attorney licensed to practice law in the state of California. I am a partner at Weintraub | Tobin, attorneys of record for Defendant Ravindra Kumar Lahoti ("Defendant"). I have personal knowledge of the facts set forth herein and if called to testify to them, I could and would do so competently and completely. The purpose of this declaration is to submit to the Court facts and communications concerning my efforts to conduct the L.R. 7-3 conference of the parties prior to filing Defendant's Rule 12(b)(6) motion to dismiss, and plaintiff in *pro se* Louie Lardas' ("Plaintiff") failure to respond.

2. On July 28, 2017, I sent an email to Plaintiff at louie@internetdomains.com, asking to meet and confer, pursuant to L.R. 7-3, on Defendant's Rule 12(b)(6) motion to dismiss the complaint. My July 28 email provided Plaintiff with multiple dates that I was available to conduct the L.R. 7-3 conference, and set forth the grounds for Defendant's motion to dismiss. I did not receive a response from Plaintiff to my July 28 email. A copy of my July 28, 2017 email to Plaintiff, which is the earliest in a chain of three emails I sent to Plaintiff, is attached hereto as **Exhibit A,** pg. 4.

3. On August 2, 2017, I sent Plaintiff a follow-up email again asking to meet and confer on Defendant's Rule 12(b)(6) motion to dismiss, and providing Plaintiff with multiple dates that I was available to conduct the L.R. 7-3 conference. I did not receive a response from Plaintiff to my August 2 email. A copy of my August 2, 2017 email to Plaintiff, which is the second email in a chain of three emails I sent to Plaintiff, is attached hereto as **Exhibit A,** pg. 4.

4. On August 2, 2017, I sent Plaintiff a follow-up letter via overnight delivery to his address at 1930 Village Center Circle #3-9268 Las Vegas, NV 89134, again asking to meet and confer on Defendant's Rule 12(b)(6) motion to dismiss, and once more providing Plaintiff with multiple dates that I was available to conduct the L.R. 7-3 conference. I did not receive a response from Plaintiff to my

{2291892.DOCX;} Page -1-
DECLARATION OF JACOB C. GONZALES iso DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

August 2 letter. A copy of my August 2, 2017 letter to Plaintiff is attached hereto as **Exhibit B,** pg. 7.

5. On August 8, 2017, I sent Plaintiff a final follow-up email once again asking to meet and confer on Defendant's Rule 12(b)(6) motion to dismiss, once more providing Plaintiff with multiple dates that I was available to conduct the L.R. 7-3 conference, and notifying Plaintiff that if I did not hear back from him I would file this declaration with Defendant's motion stating that I made multiple requests to Plaintiff to meet and confer and he simply did not respond. I did not receive a response from Plaintiff to my August 8 email. A copy of my August 8, 2017 email to Plaintiff, which is the third email in a chain of three emails I sent to Plaintiff, is attached hereto as **Exhibit A,** pg. 4.

Executed on August 11, 2017, at Newport Beach, California.

_____
Jacob C. Gonzales

# EXHIBIT "A"

| | |
|---|---|
| **From:** | Jacob Gonzales |
| **To:** | "louie@internetdomains.com" |
| **Subject:** | RE: Lardas v. Lahoti, USDC Case No. 8:17-cv-00690 |
| **Date:** | Tuesday, August 08, 2017 11:57:00 AM |

Mr. Larsdas,

This follows-up my emails to you of July 28 and August 2, 2017, and my letter to you of August 2, 2017 sent via overnight delivery, requesting a meet and confer pursuant to Local Rule 7-3 on Defendant's Rule 12(b)(6) motion to dismiss your complaint. I intend to file Defendant's motion to dismiss this Friday, August 11. Please let me know your availability this afternoon, or any time tomorrow, Thursday or Friday to discuss the motion to dismiss. If I do not hear back from you, I will file a declaration with Defendant's motion stating that I made multiple requests to you to meet and confer, and you simply did not respond.

Your cooperation and prompt attention to this matter are appreciated.

Sincerely,

Jacob


**From:** Jacob Gonzales
**Sent:** Wednesday, August 02, 2017 12:48 PM
**To:** 'louie@internetdomains.com'
**Cc:** Jacob Gonzales
**Subject:** RE: Lardas v. Lahoti, USDC Case No. 8:17-cv-00690

Mr. Lardas,

This follows-up my email below, and Defendant's request for a meet and confer pursuant to Local Rule 7-3 on his Rule 12(b)(6) motion to dismiss your complaint. We intend to file the motion to dismiss next week, and the meet and confer needs to take place seven days prior to the filing. Please let me know your availability this afternoon, or any time tomorrow or Friday to discuss the motion to dismiss.

Your cooperation and prompt attention to this matter are appreciated.

Sincerely,

Jacob


**From:** Jacob Gonzales
**Sent:** Friday, July 28, 2017 5:57 PM
**To:** 'louie@internetdomains.com'
**Cc:** Jacob Gonzales
**Subject:** Lardas v. Lahoti, USDC Case No. 8:17-cv-00690

Mr. Lardas,

As you know, my firm is counsel of record for Defendant Ravi Lahoti in the above-entitled matter. I write to request a meet and confer pursuant to Local Rule 7-3, on Mr. Lahoti's Rule 12(b)(6) motion to dismiss your complaint. The general grounds for the motion to dismiss are as follows:

- The conversion claim fails because Plaintiff consented to Defendant transferring the domain names, and Plaintiff did not have a right to possess the domain names at the time of the alleged conversion.

- The breach of fiduciary duty claim is defective because Plaintiff fails to establish a fiduciary relationship with Defendant.

- The declaratory judgment claims fails because the relief Plaintiff seeks (a declaration that he is the rightful registrant of the domain names) is inconsistent with his express allegations that he and Defendant were business partners, and he asked Defendant to renew the domain names.

- The bailment claim is defective because Plaintiff does not allege an express or implied-in-fact contract with Defendant, nor does he allege that Defendant had a right to possess the domain names – both necessary allegations to state a bailment claim.

I am available almost any time next week, July 31-August 4, 2017, for a call to conduct the meet and confer. Please let me know a date and time that works best for you.

Please give me a call if you have questions.

Sincerely,

Jacob

JACOB C. GONZALES | SHAREHOLDER
PHONE 949.760.0204 | CELL 949.266.7082 | Email jgonzales@weintraub.com | FAX 949.760.2507

**weintraub | tobin**

**weintraub tobin chediak coleman grodin** law corporation

23 Corporate Plaza, Suite 200, Newport Beach, CA 92660 | 949.760.0204 | www.weintraub.com
Newport Beach | Los Angeles | Sacramento | San Diego | San Francisco

Page -5-

# EXHIBIT "B"

# weintraub | tobin

August 2, 2017

**VIA OVERNIGHT DELIVERY AND EMAIL**

Louie Lardas
1930 Village Center Circle #3-9268
Las Vegas, NV 89134
louie@internetdomains.com

      Re:    *Lardas v. Lahoti*, USDC Case No. 8:17-cv-00690-JLS-JDEx
              Defendant Ravi Lahoti's Request to Conduct the L.R. 7-3 Conference on
              Mr. Lahoti's Rule 12(b)(6) Motion to Dismiss the Complaint

Dear Mr. Lardas:

This follows-up my emails to you of July 28 and August 2, 2017, requesting to meet and confer pursuant to Local Rule 7-3, on Mr. Lahoti's Rule 12(b)(6) motion to dismiss your complaint. The general grounds for the motion to dismiss are as follows:

- The conversion claim fails because Plaintiff consented to Defendant transferring the domain names, and Plaintiff did not have a right to possess the domain names at the time of the alleged conversion.

- The breach of fiduciary duty claim is defective because Plaintiff fails to establish a fiduciary relationship with Defendant.

- The declaratory judgment claims fails because the relief Plaintiff seeks (a declaration that he is the rightful registrant of the domain names) is inconsistent with his express allegations that he and Defendant were business partners, and he asked Defendant to renew the domain names.

- The bailment claim is defective because Plaintiff does not allege an express or implied-in-fact contract with Defendant, nor does he allege that Defendant had a right to possess the domain names – both necessary allegations to state a bailment claim.

Please let me know a date and time you are available to discuss the motion to dismiss. I intend to file it next week and the meet and confer needs to take place seven days prior to the filing.

{2289551.DOCX;}

**weintraub tobin chediak coleman grodin** law corporation
23 Corporate Plaza, Suite 200, Newport Beach, CA 92660 | (949) 760-0204 | F (949) 760-2507 | www.weintraub.com

# weintraub|tobin

Louie Lardas
Re: *Lardas v. Lahoti*, USDC Case No. 8:17-cv-00690-JLS-JDEx
August 2, 2017
Page 2

                                                Sincerely,
                                                **weintraub | tobin**

                                                Jacob C. Gonzales, Esq.

cc:    Client

{2289551.DOCX;}

**weintraub tobin** chediak coleman grodin law corporation
23 Corporate Plaza, Suite 200, Newport Beach, CA 92660 | (949) 760-0204 | F (949) 760-2507 | www.weintraub.com

Page -8 -

## PROOF OF SERVICE

(CCP §§ 1013a(1), (3) and 1013(c) CRC Rule 2006(d))

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of eighteen years, and not a party to this action; and I am employed in the County of Orange, California, in which county the within mailing occurred. My business address is 23 Corporate Plaza Drive, #200, Newport Beach, CA 92660.

On *August 11, 2017,* I served a copy of the following documents:

Document(s) Served: **DECLARATION OF JACOB C. GONZALES IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Person(s) or Party Served:

| | |
|---|---|
| Louie Lardas<br>1930 Village Center Circle #3-9268<br>Las Vegas, NV 89134<br>louie@internetdomains.com | **PLAINTIFF IN *PRO SE*** |

[XX] **(BY EXPRESS SERVICE CARRIER)** I deposited in a box or other facility regularly maintained by OVERNITE EXPRESS/FEDERAL EXPRESS an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents a copy of the above-referenced document, together with an unsigned copy of this declaration, in an envelope designated by the said express service carrier, with delivery fees paid or provided for, addressed to the above-referenced parties.

[XX] **(BY ELECTRONICALLY)** filing the foregoing document with the Clerk of the United States District Court, Central District, using its ECF System, which electronically notifies the persons on the attached service list at the email addresses registered with the ECF System.

I declare under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on *August 11, 2017* at Newport Beach, California.

/s/ **Liz H. Graham**
Liz H. Graham

{2291892.DOCX;}