BRETT E. LEWIS (*pro hac vice* application forthcoming)
Email: Brett@iLawco.com
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326

Dylan Ruga (SBN 235969)
Ji-In Lee Houck (SBN 280088)
STALWART LAW GROUP
1100 Glendon Ave., 17th Floor
Los Angeles, CA 90024
Telephone: (310) 954-2000
Email: dylan@stalwartlaw.com
Email: jiin@stalwartlaw.com

*Attorneys for International Bravo.com, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOUIE LARDAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RAVINDRA KUMAR LAHOTI, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 8:17−cv−00690−JLS−JDE<br><br>*Assigned to the Hon. Josephine L. Staton, Courtroom 10A*<br><br>**INTERNATIONAL BRAVO.COM, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declarations of Roland Chemtob and Movant's Attorney Justin Mercer; and [Proposed] Order filed concurrently herewith*] |

International Bravo.com, Inc. ("IB Inc.") hereby moves for an Order pursuant to Fed. R. Civ. P. 6(b)(1)(B), 15, 25(c) and 60(b), Local Rule 7-18, and the Court's inherent authority, (i) reconsidering the Order granting Defendant's motion to dismiss [Doc. 23] dated September 5, 2017, due to, *inter alia*, excusable neglect on the part of IB Inc's predecessor in interest, Plaintiff *pro se* Louie Lardas; (ii) substituting IB Inc. for Louie Lardas as Plaintiff in this action, as IB Inc. acquired all rights to Mr. Lardas's claims in this action days prior to its dismissal on September 5, 2017; and (iii) extending the time for IB Inc. to respond to Defendant's motion to dismiss from August 18, 2017 until 14 days after the Court issues an order granting the instant Motion.

This motion is supported by this Memorandum of Points and Authorities, the Declarations of Justin Mercer, Esq., and Roland Chemtob of International Bravo.com, Inc., filed concurrently herewith, the pleadings and papers on file in this action, and such further oral or documentary evidence or argument as may be presented prior to or at the hearing on the matter.

DATED this 7th day of September, 2017.

Respectfully submitted,
STALWART LAW GROUP

/s/ Ji-In Lee Houck
Ji-In Lee Houck

LEWIS & LIN, LLC
Brett E. Lewis (*pro hac vice* pending)

*Attorneys for*
*International Bravo.com, Inc.*

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................................1

FACTUAL BACKGROUND........................................................................................2

ARGUMENT..................................................................................................................4

   A.   Applicable Legal Standards.................................................................................4

      1.   Legal Standard for Reconsideration and Relief from Orders ..............................4

      2.   Legal Standard for Substitution of Parties ...........................................................6

      3.   Legal Standard for Extensions of Time ................................................................6

   B.   Discussion............................................................................................................6

      1.   The Four *Pioneer* Factors Weigh in Favor of Relief from the Order and Extending the Time to Repond to the Motion ..............................................................6

         a.   No Prejudice to Defendant ....................................................................6

         b.   The Length of Delay is Minimal ...........................................................7

         c.   Reason for the Delay ..............................................................................7

         d.   Good Faith................................................................................................8

      2.   Manifest Injustice Would Result from Not Granting Relief as Defendant's Motion to Dismiss is Wholly Without Merit ..............................................................9

      3.   International Bravo.com, Inc. Acquired Louie Lardas's Interest in the Domain Names and this Action ...............................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ........................................... 5

*Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) .................. 6, 7, 8

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) ............................... 5

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. p'ship*, 507 U.S. 380, 395 (1993 ............................................................................................................................. passim

*School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ............................................................................................................... 5

*Startz v. Jpmorgan Chase Bank, N.A.*, 2017 WL 955170, at *1 (C.D. Cal. Mar. 10, 2017) ................................................................................................................ 6, 7, 8

*Winters v. Jordan*, No. 2:09-CV-00522 JAM, 2012 WL 360194, at *3 (E.D. Cal. Feb. 2, 2012), *report and recommendation adopted*, No. CIV-S-09-0522-JAM, 2012 WL 787043 (E.D. Cal. Mar. 9, 2012) ........................................................... 6

**Rules**

C.D. Cal Local Rule 7-18 .............................................................................................. 5
Fed. R. Civ. P. 25(c) ............................................................................................... 6, 11
Fed. R. Civ. P. 52(b) ..................................................................................................... 5
Fed. R. Civ. P. 59(e) ..................................................................................................... 5
Fed. R. Civ. P. 6(b)(1)(B) ............................................................................................. 6
Fed. R. Civ. P. 60(b) ............................................................................................. 4, 5, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## FACTUAL BACKGROUND

This case involves the theft by Defendant Lahoti of roughly two thousand domain names worth millions of dollars from Plaintiff *pro se* Louie Lardas's ("Mr. Lardas's") account at the domain name registrar eNom. *See* Compl. [ECF Doc. 1] at ¶ 1. Mr. Lahoti repeatedly transferred high value domain names out of Plaintiff's eNom account and into his own account(s), without authorization, and blocked Mr. Lardas from the use or enjoyment of the domain names. *See* Compl. at ¶ 1. Mr. Lahoti has refused to return any of the stolen domain names to Mr. Lardas, instead, offering a litany of excuses for his illegal acts and stonewalling any efforts to reach a resolution. *See* Compl. at ¶ 1. Instead, upon seizing control of Mr. Lardas's domain names, Mr. Lahoti disabled the DNS for domains enrolled in parking monetization, and blocked Mr. Lardas from selling domain names from his portfolio, thus cutting Mr. Lardas off from his only source of income—the domain names. *See* Compl. at ¶¶ 24, 29.

Upon information and belief, it is and was Defendant's attempt to extort Mr. Lardas's out of millions of dollars' worth of domain names that caused Mr. Lardas' such mental and financial strife that his ability to adequately recover his domain names and litigate this case was severely compromised. *See* Compl. at ¶ 31; *see* Declaration of Roland Chemtob dated September 7, 2017 ("Chemtob Decl.") at ¶¶ 8, 10, 19. Mr. Lardas's personal circumstances that caused him to be derelict in his obligations are well documented in the Complaint (*see* Compl. at ¶13), and even Defendant's motion to dismiss (*see* ECF Doc. 18 at 5-7).

With the assistance of counsel, Mr. Lardas filed the instant action against Mr. Lahoti on April 14, 2017 for a declaratory judgment under 28 U.S.C. §§ 2201 et seq., conversion, breach of bailment, and breach of fiduciary duty. [ECF Doc. 1]. On or about July 5, 2017, Mr. Lardas's attorneys sought leave to withdraw as counsel. [ECF Docs. 13, 14]. At the time, counsel averred to the fact that the

client's inability to meet his financial obligations to counsel since inception of the matter were a significant reason in seeking withdrawal. *See, e.g.*, ECF Doc. 14-1.  It is without question, however, that Mr. Lardas required legal assistance to prosecute the claims in this matter, and was incapable of doing so on his own. *See* Chemtob Decl. at ¶ 4.  It took Mr. Lardas several months, while this action was pending (starting well before Defendant's motion to dismiss was filed) to secure such assistance from movant herein, International Bravo.com, Inc. *See* Chemtob Decl. at ¶¶ 11-14.  Mr. Lardas's delay can be attributed to his concern that he not be rendered homeless during the pendency of the litigation, and his concurrent insistence that IB Inc. pay him a monthly living stipend. *See* Chemtob Decl. at ¶ 8.

The Court granted the motions to withdraw on July 28, 2017. [ECF Doc. 17]. On the same day, apparently sensing an advantage in acting upon Plaintiff *pro se*'s mental failings that caused his prior counsel to depart, counsel for Defendant sought to meet and confer with Plaintiff *pro se* via email. [ECF Doc. 18-1].

On or about August 11, 2017, Defendant filed a motion to dismiss the Complaint. [ECF Doc. 18].  Because Defendant set a motion hearing date of September 8, 2017, Mr. Lardas's opposition would have been due on August 18, 2017—a week after the motion was filed – a tight timeframe for even many licensed attorneys to meet.

International Bravo.com, Inc., a Delaware corporation ("IB Inc."), acquired all rights to Mr. Lardas's claims in this action on August 27, 2017. *See* Chemtob Decl. at ¶¶ 12-14.  Unbeknownst to IB Inc. at the time it acquired Mr. Lardas's rights, Mr. Lardas had not responded to Defendant's Motion to Dismiss. *See* Chemtob Decl. at ¶ 17.  IB Inc. seeks the above relief after having made several attempts to contact counsel for Defendant for his consent to continue the previously-scheduled September 8, 2017 hearing date, so that IB Inc. could retain counsel, adequately respond to the motion and move to substitute itself as plaintiff

1  for Louie Lardas. *See* Declaration of Justin Mercer, Esq. dated September 7, 2017
2  ("Mercer Decl.") at ¶¶ 3-7.
3       Specifically, on September 1, 2017, counsel for International Bravo.com, Inc.
4  called Jacob Gonzales, Esq. and left a message informing him that Lewis & Lin,
5  LLC was in the process of being retained as counsel by a new entity that acquired
6  rights to Mr. Lardas's claims, and requesting an extension of the time for Plaintiff to
7  oppose Defendant's motion to dismiss. *See* Mercer Decl. at ¶¶ 3-4.  Counsel was
8  told that Mr. Gonzalez was out of the office, and he did not return the call. *See*
9  Mercer Decl. at ¶ 5.  On September 5, 2017, counsel called and left another message
10 for Mr. Gonzales. *See* Mercer Decl. at ¶ 6.  As of the date of this Motion, Mr.
11 Gonzales has not returned either call.  *See* Mercer Decl. at ¶ 7.
12      By letter dated September 5, 2017, Roland Chemtob wrote, on behalf of
13 International Bravo.com, Inc., to the Court's chambers requesting an extension of
14 time to retain counsel and file an opposition to Defendant's motion to dismiss.  *See*
15 Chemtob Decl. at ¶ 20. Again, Unbeknownst to Mr. Chemtob and International
16 Bravo.com, Inc., the Court had already entered the Order granting Defendant's
17 motion to dismiss earlier on September 5, 2017. *See* Mercer Decl. at ¶ 8; *See*
18 Chemtob Decl. at ¶ 21.
19      IB Inc. seeks this relief less than *2 days* after the Court entered its order
20 dismissing the case on September 5, 2017, and less than a few weeks after Mr.
21 Lardas's opposition would have been due.
22                           **ARGUMENT**
23   **A. Applicable Legal Standards**
24       1. <u>Legal Standard for Reconsideration and Relief from Orders</u>
25      The Court may reconsider an order to relieve a party from its effect under
26 several grounds.  Under Fed. R. Civ. P. 60(b)(1) and (6), the Court " may relieve a
27 party or its legal representative from a final judgment, order, or proceeding for the
28 following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] . .

MEMORANDUM OF POINTS AND AUTHORITIES
4

1 . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (internal quotations omitted); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. p'ship*, 507 U.S. 380, 395 (1993); *see also* Fed. R. Civ. P. 52(b) and 59(e) (providing the Court further authority to alter its previous findings).

The Central District of California Local Rules also provide that a party may seek reconsideration when:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18; *see also School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

Finally, district courts also have inherent authority to reconsider, revise or modify orders "at any time prior to final judgment." *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *see also School Dist. No. 1J*, 5 F.3d at 1263.

///

### 2. Legal Standard for Substitution of Parties

Rule 25(c) permits the Court to substitute a party upon a "transfer of interest." *See* Fed. R. Civ. P. 25(c). Rule 25(c) states: "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." *See* Fed. R. Civ. P. 25(c).

### 3. Legal Standard for Extensions of Time

Rule 6(b)(1)(B) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . .on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts evaluate "excusable neglect" under the same *Pioneer* factors stated above. *See Winters v. Jordan*, No. 2:09-CV-00522 JAM, 2012 WL 360194, at *3 (E.D. Cal. Feb. 2, 2012), *report and recommendation adopted*, No. CIV-S-09-0522-JAM, 2012 WL 787043 (E.D. Cal. Mar. 9, 2012)("The test for whether neglect is excusable under Rule 6(b)(1)(B) is the same as under Rule 60(b)(1).").

**B. Discussion**

### 1. The Four *Pioneer* Factors Weigh in Favor of Relief from the Order and Extending the Time to Repond to the Motion

#### a. No Prejudice to Defendant

There will be absolutely no prejudice to Defendant if International Bravo.com, Inc. is permited to be substitued for the purpose of procecuting this action and defending the motion to dismiss. The only cognizable prejudice to Defendant would be the lost of his "quick victory" via the not-timely-opposed motion to dismiss. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000); *see also Startz v. Jpmorgan Chase Bank, N.A.*, No. 216CV09627ODWPLA, 2017 WL 955170, at *1 (C.D. Cal. Mar. 10, 2017) (granting relief from order granting motion to dismiss that was not timely opposed by *pro se* plaintiff).

Granting International Bravo.com, Inc. the relief herein will leave the parties in interest in the same position they would have been if Plaintiff *pro se* Louie Lardas had timely opposed the motion to dismiss. Moreover, the prejudice to both Plaintiff *pro se* Louie Lardas and International Bravo.com, Inc. is extreme, given the order they seek relief from is one dismissing the complaint – which seeks the return of property worth millions of dollars – in its entirety. *See Startz*, 2017 WL 955170, at *1. Further, International Bravo.com, Inc. should not be prejudiced by the dismissal considering it affirmatively reached out to counsel for Defendant as soon as it learned of Defendant's motion, *before* the Order was entered, to seek additional time to oppose. Thus, this factor favors relief from the Order. *see Pioneer*, 507 U.S. at 395.

### *b. The Length of Delay is Minimal*

The instant motion was filed less than **2 days** after the Court granted Defendant's motion to dismiss. This is sufficiently prompt under Rule 60(b)(1). *See Bateman*, 231 F.3d at 1225 (delay of one month after the order was "not long enough to justify denying relief"). Further, Plaintiff *pro se* Louie Lardas's neglect has not caused, nor will cause any delay in the proceedings. In fact, Defendant had previously requested and had been granted an extension of 30 days to respond to the Complaint. Thus, any delay in the progress of the proceedings should not be completely imputed to Plaintiff *pro se* Louie Lardas, and by extension, IB Inc., when Defendant's own request delayed the resolution of this matter. Thus, this factor favors relief from the order. *see Pioneer*, 507 U.S. at 395.

### *c. Reason for the Delay*

The reason for the short delay is simple: Mr. Lardas needed assistance, both legally and financially, to continue pursuing the claims in this matter. *See* Chemtob Decl. at ¶ 8. It took Mr. Lardas several months while this action was pending to secure such assistance from movant herein, International Bravo.com, Inc., due to his concerns over his destitute condition, and fears of not having money enough to pay

rent, during the pendency of the action. However, Mr. Lardas clearly realized that he could not continue to pursue (read: finance or litigate) this action on his own, when it was Defendant's conduct as alleged herein that has contributed substantially to his present condition and rendered him destitute.

Louie Lardas clearly missed deadlines – because he delayed entering into a partnership without receiving a stipend, out of concern that he could wind up homeless – but his claims are meritorious. A *pro se* Plaintiff who recently lost his attorneys should not "suffer the ultimate sanction of losing his case without any consideration of the merits." *Startz*, 2017 WL 955170, at *1.

Although Mr. Lardas lacked the wherewithal and financial resources to litigate this case, and has been remiss in responding to the Defendant's motion to dismiss, IB Inc. is fully funded and prepared to litigate vigorously to recover the portfolio of over 1700 domain names worth in the millions of dollars, which were transferred from his account without authorization, plus substantial monetary damages for lost domains and other damages caused by Defendant. *See* Chemtob Decl. at ¶ 19. Thus, this factor favors relief from the Order. *see Pioneer*, 507 U.S. at 395.

### d. Good Faith

IB Inc. is acting in good faith in promptly taking steps to preserve Mr. Lardas's claims herein. Mr. Lardas's errors in not timely responding "resulted from negligence and carelessness," not bad faith. *See Bateman*, 231 F.3d at 1225. His efforts to obtain outside assistance to pursue this matter, albeit late, clearly demonstrate that his past delays are not a result of "deviousness or willfulness." *See id*. As such, all the *Pioneer* factors favor relief from the Order and granting IB a short extension of time to respond to the motion to dismiss. *see Pioneer*, 507 U.S. at 395.

## 2. Manifest Injustice Would Result from Not Granting Relief as Defendant's Motion to Dismiss is Wholly Without Merit

A significant reason why Mr. Lardas is in the destitute position he is in today is due to Defendant's efforts to shut Mr. Lardas out of his only source of income: his domain names.  If the Court were to reject Plaintiff's application to re-open this action, Defendant's scheme to steal Plaintiff's domain names will have been a success.  Defendant, who has known Mr. Lardas for a decade and purported to be one of his closest friends, was well aware of Mr. Lardas's financial condition and vulnerabilities. Defendant has been playing a long game with Mr. Lardas, stealing his domain names, cutting off his revenue sources, and then forcing litigation when Plaintiff had no financial wherewithal to continue the case.  As soon as Mr. Lardas lost his counsel, Defendant filed a motion to dismiss predicated upon five baseless and internally inconsistent theories:

(1) Mr. Lardas's conversion claim fails because he "consented to Defendant transferring the domain names," (Motion at 11);

(2) The registration on some domain names would have "expired" after the time that Defendant transferred them to himself, such that Mr. Lardas "did not have an interest in or a right to possess the domain names at the time of the alleged conversion," (Motion at 11);

(3) That Defendant did not breach a fidicuary duty to Mr. Lardas because the parties **were not partners**, *see* (Motion at 13);

(4) That because Mr. Lardas purportedly alleged the parties **were partners**, the declaratory judgment claim seeking a declaration that Mr. Lardas is the rightful owner of the domain names fails, *see* (Motion at 13); and

(5) That Mr. Lardas did not sufficiently allege the existence of an implied promise with Defendant sufficient to support a claim of

breach of bailment for Defendant's refusal to return the domain names, *see* (Motion at 14-16).

The gravamen of Defendant's motion is that Mr. Lardas "consented" to the transfer of the domain names. The Complaint says the exact opposite. *See* Compl. at ¶¶ 1, 16, 18, 19 and 21 (stating, *inter alia*, that Defendant transferred the domain names "without authorization"). Not only does Defendant's motion raise a quintessential factual dispute that should not be decided on a pre-answer motion to dismiss, it is contrary to a plain reading of the Complaint. As such, Defendant's entire motion lacks merit.

Further, Defendant admits that he and Mr. Lardas have "years of friendship," but claims that the Complaint fails to allege a sufficient position of trust to establish a fiduciary relationship. Defendant completely disregards Paragraphs 9 through 13 of the Complaint, which detail the extent of the parties' friendship and trust, anticipating that, without counsel, he could obtain a default judgment on an otherwise baseless motion. Contrary to Defendant's assertions, the Complaint sufficiently alleges a fiduciary relationship – and the existence of a formal partnership is not necessary for such a claim.

Finally, Defendant's claim that no judiciable controversy exists as to the ownership of the domain names is wholly disingenuous. Defendant does not deny that he is in possession of the domain names, or that Mr. Lardas claims that the domain names belong to him. *See* Compl. at ¶ 1. *That* is a controversy. Defendant's claim that Mr. Lardas's request is inconsistent with his statement that the parties were "business partners" is ironic, because Defendant also claims that the Complaint fails to allege the existence of a partnership – and misses the point. The Complaint does not purport to allege that there was a formal partnership, instead it claims that the parties were friends and worked together in business. Those set of facts would not serve to destroy Mr. Lardas's claim for conversion or request for declaratory relief.

As such, Defendant's motion to dismiss is completely baseless, and granting relief under the circumstances (and before discovery has even begun) would be a manifest miscarriage of justice.

### 3. International Bravo.com, Inc. Acquired Louie Lardas's Interest in the Domain Names and this Action

Federal Rule of Civil Procedure 25(c) provides that in the case of any transfer of interest, the Court may, upon motion, direct the person to whom the interest is transferred to be substituted in the action in the place of the original party.

Pursuant to an Assignment and Assumption Agreement dated as of August 3, 2017 (the "Assignment Agreement"), Plaintiff *pro se* Louie Lardas transferred and assigned to International Bravo.com, Inc. "all of his right, title and interest in" (a) the instant lawsuit against Defendant; (b) all of the domain names subject to this lawsuit; and (c) all rights to income from the domain names (collectively the "Assigned Assets"). *See* Chemtob Decl. at ¶ 12. In exchange for this assignment, International Bravo.com, Inc. agreed to assume and perform all obligations, liabilties and commitments arising out of the Assigned Assets (i.e. the domain names). *See id* at ¶ 13.

As such, International Bravo.com, Inc. should be substituted in for Louie Lardas pursuant to Fed. R. Civ. P. 25(c).

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES

11

# CONCLUSION

Based the foregoing, International Bravo, Inc. requests, as successor in interest to the claims herein to Plaintiff *pro se* Louie Lardas, that the Court grant the instant motion in its entirety.

DATED this 7th day of September, 2017.

Respectfully submitted,
STALWART LAW GROUP

/s/ Ji-In Lee Houck

Ji-In Lee Houck

LEWIS & LIN, LLC
Brett E. Lewis (*pro hac vice* applicaton forthcoming)

*Attorneys for*
*International Bravo.com, Inc.*