1  BRETT E. LEWIS (*pro hac vice* pending)
   Email: Brett@iLawco.com
2  LEWIS & LIN, LLC
   45 Main Street, Suite 608
3  Brooklyn, NY 11201
   Telephone: (718) 243-9323
4  Facsimile: (718) 243-9326

5  Dylan Ruga (SBN 235969)
6  Ji-In Lee Houck (SBN 280088)
   STALWART LAW GROUP
7  1100 Glendon Ave., 17th Floor
   Los Angeles, CA 90024
8  Telephone: (310) 954-2000
   Email: dylan@stalwartlaw.com
9  Email: jiin@stalwartlaw.com

10 *Attorneys for International Bravo.com, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE LARDAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RAVINDRA KUMAR LAHOTI, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 8:17−cv−00690−JLS−JDE<br><br>*Assigned to the Hon. Josephine L. Staton, Courtroom 10A*<br><br>**DECLARATION OF ROLAND CHEMTOB IN SUPPORT OF MOTION**<br><br>Date: October 13, 2017<br>Time: 2:30 p.m.<br>Courtroom: 10A, 10th Floor<br><br>Complaint: April 14, 2017<br>Trial Date: None Set |

## DECLARATION OF ROLAND CHEMTOB

1. My name is Roland Chemtob. I am the President and CEO of International Bravo.com, Inc., a Delaware corporation formed on March 3, 2016.

2. I make this declaration based on my personal knowledge and a review of business records of International Bravo.com, Inc. I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called as a witness, I could and would competently testify thereto.

3. I offer this declaration in support of International Bravo.com, Inc.'s Motion for, *inter alia*, reconsideration of the Court's September 5, 2017 Order ("Motion").

4. In or around April 2017, I was asked by Louie Lardas to consider financing his litigation with Ravi Lahoti, and to become his business partner with respect to certain domain names that he claimed had been transferred from his eNom account by Mr. Lahoti, without authorization.

5. At that time, we were unable to agree to terms, and I did not hear from Mr. Lardas again until early-mid June 2017.

6. His attorney at that time, Brett Lewis, Esq. of Lewis & Lin LLC, contacted me and asked if I was still interested in making an investment. I said that I was, and conveyed the terms to him under which I would do so.

7. After that, I communicated directly with Mr. Lardas about the terms under which I would invest in his litigation, and subsequent partnership if we were successful in recovering his domain names, which I believed that we would be.

8. Mr. Lardas told me that he was willing to sign an agreement, but wanted me to pay him monthly living costs during the litigation, and expressed concern that he could not afford to keep paying to live in a hotel, if he did not receive a monthly stipend.

9. Around the same time, in early July, I understand that Mr. Lardas's lawyers made a motion to withdraw as counsel.

10. Although I empathize with his plight, I did not agree to pay Mr. Lardas a monthly stipend, as he would have been borrowing against the business and an outcome that was, as yet, not determined, and was subject to litigation.

11. Mr. Lardas finally agreed to my terms in late July, and I retained a lawyer to paper the terms of the agreement.

12. Pursuant to an Assignment and Assumption Agreement dated as of August 3, 2017 (the "Assignment Agreement"), Louie Lardas transferred and assigned to International Bravo.com, Inc. "all of his right, title and interest in" (a) the instant lawsuit against Defendant; (b) all of the domain names subject to this lawsuit; and (c) all rights to income from the domain names (collectively the "Assigned Assets"). A true and correct copy of the Assignment Agreement is annexed hereto as **Exhibit A**.

13. In exchange for this assignment, International Bravo.com, Inc. agreed to assume and perform all obligations, liabilties and commitments arising out of the Assigned Assets (i.e. the domain names).

14. It took until August 27, 2017 for Mr. Lardas to sign the documents related to the Assignment Agreement and return them to me.

15. As soon as Mr. Lardas signed the Assignment Agreement, on August 28, 2017, I informed Brett Lewis, who had acted as Mr. Lardas's attorney, and who has represented me in connection with matters in the past.

16. Mr. Lewis was on vacation at a remote location in Canada, and he did not call me until August 31, 2017.

17. On September 1, I became aware that Mr. Lahoti had filed a motion to dismiss the case. It was the first time that I had heard of his motion – Mr. Lardas had never mentioned it to me.

18. As President and CEO of International Bravo.com, Inc., I intend to litigate this case vigorously. I possess the financing necessary to conduct a protracted litigation.

19. I also strongly believe that an injustice was done in this case, and that the Defendant should not be able to walk away with millions of dollars-worth of domain names, because Mr. Lardas cannot defend himself. I believe that Mr. Lahoti stole Mr. Lardas's domain names precisely because he was financially in distress, and was incapable of defending his rights. Mr. Lahoti should not be awarded millions of dollars of Mr. Lardas's property because he correctly assessed his mark.

20. By letter dated September 5, 2017, I wrote to the Court's chambers requesting an extension of time to retain counsel and file an opposition to Defendant's motion to dismiss.

21. Unbeknownst to me, the Court had already entered the Order granting Defendant's motion to dismiss earlier on September 5, 2017.

I declare under penalty of perjury under the State of California and the United States of America that the foregoing is true and correct.

Executed on September 7, 2017 at Hanoi, Vietnam.

*Roland Marc Chemtob*
ROLAND CHEMTOB